UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF VANCE E. PERRY, SR.
By its Special Administrator,
Galissa Perry Ramirez,

GALISSA PERRY RAMIREZ,               Civil Action No.: 20-cv-1132
personally, and as Special Administrator
of the ESTATE OF VANCE E. PERRY, SR.
5076 Furlong Way
Powder Springs, GA 30127

AESHA PERRY
2950 South Cobb Drive #09-02
Smyrna, GA  30080

VANCE PERRY, JR.
5076 Furlong Way
Powder Springs, GA  30127

CRYSTAL PERRY
5076 Furlong Way
Powder Springs, GA  30127

ERIKA PERRY
1431 Seasons Parkway
Norcross, GA  30093

       Plaintiffs,
v.

UNITED STATES OF AMERICA
U.S. Attorney's Office
222 W. Washington Avenue, #700
Madison, WI  53703,

       Defendant.

---

**COMPLAINT**

## JURISDICTION AND VENUE

1. The plaintiffs bring this wrongful death action against the defendant, United States of America, under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b).

2. This Court his jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C.A. §§ 1331 and 1346(b).

3. On December 30, 2019, plaintiffs submitted an administrative tort claim ("the tort claim") to the United States Department of Veterans Affairs ("the VA").

4. More than one year has elapsed since submission of the claim to the VA, but no meaningful response has been received. Therefore, the claim has been denied and the plaintiffs have exhausted all available administrative remedies.

5. Venue is properly in this District Court pursuant to 28 U.S.C.A. § 1402(b) as the acts and omissions that are the subject matter of this complaint occurred within the Western District, in Dane County, Wisconsin.

6. At all times hereto, the VA employees, executives, administrators, agents, apparent agents, and contractors involved in the negligent acts and omissions alleged herein were acting within the scope and course of their employment with the VA. As such, defendant United States of America is the appropriate defendant pursuant to the Federal Tort Claims Act.

7. The negligent acts and omissions alleged herein involved routine or custodial care, and not medical care involving the exercise of professional judgment.

## PARTIES

8. Plaintiff Galissa Perry Ramirez is an adult resident of the State of Georgia, is a daughter of Vance E. Perry, Sr., and the Special Administrator of the Estate of Vance E. Perry, Sr. Plaintiff Galissa Perry Ramirez resides at 5076 Furlong Way, Powder Springs, GA 30127.

9. Galissa Perry Ramirez was appointed Special Administrator of the Estate of Vance E. Perry, Sr. by Order of the Dane County Circuit Court on December 8, 2020 with all of the powers normally given to a duly appointed personal representative.

10. Plaintiff Aesha Perry is an adult citizen of the State of Georgia and is a daughter of Vance E. Perry, Sr., residing at 2950 South Cobb Drive, #09-02, Smyrna, GA 30080.

11. Plaintiff Vance Perry, Jr. is an adult citizen of the State of Georgia and is Vance E. Perry, Sr.'s son, residing at 5076 Furlong Way, Powder Springs, GA 30127.

12. Plaintiff Crystal Perry is an adult citizen of the State of Georgia and is a daughter of Vance E. Perry, Sr., residing at 5076 Furlong Way, Powder Springs, GA 30127.

13. Plaintiff Erika Perry is an adult citizen of the State of Georgia and is a daughter of Vance E. Perry, Sr., residing at 1431 Seasons Parkway, Norcross GA 30093.

14. All of the plaintiffs and Vance E. Perry Sr., at all times material hereto, were citizens of the United States.

15. Vance E. Perry, Sr. served in the United States Army from 1978 until honorably discharged in 1984.

**FACTUAL BACKGROUND**

16. On or about December 28, 2017, Vance E. Perry, Sr. was admitted to the William S. Middleton Memorial Veterans Hospital ("William S. Middleton") for ongoing health problems, including mental illness known to cause confusion, disorientation, severe memory problems, including short-term memory problems and other cognitive difficulties.

17. Mr. Perry's mental health problems made it impossible for him to come to William S. Middleton on his own or return to his residence on his own, making Mr. Perry at risk for wandering, elopement or going missing from William S. Middleton if he was not properly

monitored and supervised. VA employees, agents and apparent agents knew or should have known of said condition.

18. VA employees, agents and apparent agents were responsible for completing a formal assessment of Mr. Perry's risk for wandering, elopement or going missing from William S. Middleton.

19. The VA's own assessment, Mr. Perry's family, and others all advised and mandated that VA employees, agents and apparent agents ensure that, upon discharge from William S. Middleton, Mr. Perry needed to be put in a cab or other conveyance which would take him to his residence, where he would be met by family or others. Otherwise, Mr. Perry was at high risk for going missing due to his confusion, disorientation, memory problems and cognitive difficulties.

20. Mr. Perry was at risk for elopement and going missing from William S. Middleton upon his admission and thereafter.

21. On December 30, 2017, Mr. Perry was discharged from William S. Middleton. Upon his discharge, VA staff failed to make sure that Mr. Perry actually got in the cab which had been called to take him home.

22. VA personnel were unaware Mr. Perry had not gotten into a cab until hours after his discharge, when they were advised by someone with whom Mr. Perry was staying.

23. VA personnel, upon learning that Mr. Perry was missing, failed to contact local law enforcement or take other efforts to search for Mr. Perry, such as publicizing the fact that he was missing and potentially in danger.

24. At the time Mr. Perry wandered away from the William S. Middleton premises, it was very cold outside with temperatures predicted to remain dangerously low for the next few days, with temperatures even colder at night. Daytime temperatures were in the low single digits.

25. The low temperature in Madison on the night of December 30, 2017 was approximately -6.

26. Mr. Perry, at the time of his discharge from William S. Middleton, was only dressed in a light jacket with light clothing and a baseball cap. He was not wearing gloves.

27. After wandering away from the Williams S. Middleton premises, Mr. Perry, disoriented and confused, wandered around the City of Madison, eventually ending up in a parking ramp in the downtown area in the early morning hours of December 31, 2017.

28. Mr. Perry died during the morning hours of December 31, 2017 of exposure to the extreme cold in that parking ramp.

## CLAIM OF ACTION: NEGLIGENCE

29. Defendant, by the actions of its employees, agents, and apparent agents, was negligent in causing Mr. Perry's death by:

    a. VA staff failing to follow VA policies, procedures and protocols including implementing those relating to the management of wandering and missing patients and other basic patient safety guidance and standards;

    b. VA staff failing to properly monitor and supervise Mr. Perry's departure from Williams S. Middleton in the cab VA personnel had procured for him;

    c. The VA failing to ensure that adequate staff were present to monitor and supervise Mr. Perry's departure from William S. Middleton;

    d. Upon discovering that Mr. Perry was missing from the William S. Middleton premises and had not gotten into the cab which had been procured for him, VA staff failed to conduct an adequate search for Mr. Perry, failed to inform local police authorities, his family, or his housemates

that he was missing, and failed to publicize the fact that he was missing through the media and other outlets.

30. The United States of America and the VA, through their employees, executives, administrators, agents, apparent agents, and contractors, were negligent in failing to provide a safe environment for Mr. Perry in view of his mental health diagnoses, his confusion and memory problems as is required by the VA's mission, covenant with veterans, statutory requirements, rules, policies, and procedures, including but not limited to those contained in the VA Handbook, VA Directives and other guidance from the VA and other authorities.

31. The United States of America and the VA, through their employees, executives, administrators, agents, apparent agents, and contractors, were negligent in failing to provide adequate security, including provisions for staffing, funding, resources, and oversight, and in failing to promulgate or enforce policies and procedures necessary to deliver a safe environment to Vance E. Perry, Sr. while he remained on William S. Middleton premises following his discharge. Said parties were further negligent in the following respects:

    a. Failing to develop, promulgate, and implement policies and procedures to protect the veterans such as Mr. Perry who suffer from mental health problems impacting memory and cognition from the negligent acts and omissions which caused his death;

    b. Failing to implement the appropriate standards in hiring, training, and supervision to provide a safe environment to Mr. Perry while he remained on VA premises following his discharge from William S. Middleton;

    c. Failing to adequately supervise employees, agents, and apparent agents and failing to enforce VA policies and procedures;

    d. Failing to adequately train and supervise employees, agents, and apparent agents in responding to missing patient situations such as that presented in Mr. Perry's case;

    e. Failing to provide adequate security including adequate monitoring of patients with mental health problems impacting cognition and memory such as Mr. Perry; and

    f. In other respects, not specifically enumerated herein.

32. As a direct and proximate result of the negligence alleged herein, Vance E. Perry, Sr. suffered physical and mental pain, anxiety, anguish, emotional distress, physical injuries, and his own wrongful death.

33. As a further direct and proximate result of the negligence alleged herein, plaintiffs Galissa Perry Ramirez, Aesha Perry, Vance Perry, Jr., Crystal Perry, and Erika Perry, have suffered substantial mental and emotional pain and suffering, loss of society and companionship and other non-economic damages.

**WHEREFORE, THE PLAINTIFFS DEMAND JUDGMENT AGAINST THE DEFENDANT AS FOLLOWS:**

A. For a sum of money that will reasonably compensate the plaintiffs for damages sustained as the result of negligence described herein, including economic and noneconomic damages;

B. For the costs, disbursements, and expenses incurred by the plaintiffs in bringing this action;

C. For wrongful death damages;

D. For a sum of money that will compensate the Estate of Vance E. Perry, Sr. for the conscious pain and suffering he experienced as a result of the negligence described herein; and

E. For such other and further relief as this Court may deem is just and equitable.

Dated this 29th day of December, 2020.

LAWTON & CATES, S.C.

By: *Electronically signed by Terrence M. Polich*
Terrence M. Polich
State Bar No.: 1031375
Attorneys for Plaintiffs

P.O. Box 2965
345 W. Washington Ave., Suite 201
Madison, WI 53703
P: (608) 282-6200
F: (608) 282-6252
tpolich@lawtoncates.com